IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 15-cv-00883-RM-MEH

UNITED STATES OF AMERICA,

Plaintiff,

v.

PATRICIA FLEMING;
VAN EDEN CORPORATION;
LEE GLADDING;
CAPITAL ONE BANK;
COLORADO DEPARTMENT OF REVENUE; and
CLEAR CREEK COUNTY,

Defendants.

_____

**ORDER**
_____

This matter is before the Court *sua sponte*. As alleged in the Amended Complaint, Plaintiff the United States seeks to reduce to judgment outstanding federal income tax assessments against Defendant Fleming and to foreclose on federal tax liens on certain real property located in Colorado. On review of the case file upon its reassignment to this Court, the Court notes there is a Stipulation and Request for Order regarding Lien History (ECF No. 36) between the United States and Defendant Clear Creek County, and there are defaults entered against Defendants Capital One Bank and Colorado Department of Revenue. The review also shows the record appears insufficient to determine that service was properly made on Capital One Bank and the Department of Revenue and, accordingly, that defaults were properly entered.

Specifically, Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  As a threshold showing that a party has failed to "plead or otherwise defend," the party seeking default must demonstrate that process was correctly served on the defendant.

Starting with Capital One Bank, the United States' sole allegation as to Capital One Bank is that it may claim an interest in the real property at issue.  (ECF No. 22, page 2.)[1]  Assuming Capital One Bank is a corporation or other entity, the adequacy of process is determined by reference to Fed. R. Civ. P. 4(h), which provides that process must be effected "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ."  Fed. R. Civ. P. 4(h)(1)(B).  Alternatively, process on a corporation or entity may be accomplished "in the manner prescribed by Rule 4(e)(1) for serving an individual," Fed. R. Civ. P. 4(h)(1)(A), which in turn allows for service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ."  Fed. R. Civ. P. 4(e)(1).  The Colorado rules provide in relevant part that "personal service" may be accomplished

> [u]pon any form of corporation . . . or other form of entity . . . by delivering a copy thereof to the registered agent for service as set forth in the most recently filed document in the records of the secretary of state of this state or any other jurisdiction, or one of the following: . . . .

C.R.C.P. 4(e)(4).  "The purpose of Rule 4(h) is to ensure that when a litigant serves process on a corporation, the process is delivered to a [proper] person . . . such that the court can be

---

[1] The original Complaint contains the same allegation.  (ECF No. 1, page 2.)

reasonably assured that those corporate officials responsible for responding to the suit will actually be apprised of its pendency." *Inversora Murten SA v. Energoprojekt Holding Co.*, No. 06-cv-02312-MSK, 2009 WL 179463, at *4 (D. Colo. Jan. 22, 2009) (citations omitted).

An Affidavit of Service was filed with the Court on June 18, 2015, showing that service on "Capital One Bank (USA), N.A.," a "corporation," was made by service on Nick Machol, the CEO, Corporate Officer, of Machol & Johannes LLC. (ECF No. 11.) Assuming "Capital One Bank (USA), N.A." is the same as "Capital One Bank," however, there is nothing in the record to indicate that Machol & Johannes LLC was a proper person for receipt of service for Capital One Bank, such that it would be apprised of the pendency of this action. (*See* ECF Nos. 11, 34-1.) The Court therefore finds that additional information is required in order to determine whether service on Capital One Bank via Machol & Johannes LLC was sufficient. Fed. R. Civ. P. 4(h)(1); C.R.C.P. 4(e)(4).

Similarly, as to the Department of Revenue, Fed. R. Civ. P. 4(j)(2) provides that service must be made on a state-created governmental organization by either (1) serving its "chief executive officer," or (2) serving in the manner prescribed by that state's law for service on such a defendant. Fed. R. Civ. P. 4(j)(2)(A) & (B). Under C.R.C.P. 4(e)(10)(B), service on a department or agency of the state shall be made "by delivering a copy thereof to the principal officer, chief clerk, or other executive employee thereof, and by delivering a copy to the attorney general." Here, the return of service filed October 14, 2015, states that service was made on J.R. Sheneng, the "party's EXECUTIVE MEMBER." (ECF No. 31, page 1, capitals in original.) There is no indication that J.R. Sheneng is the "chief executive officer"; therefore, there is no showing that service was proper under Rule 4(j)(2)(A). Similarly, while J.R. Sheneng is an

"executive member," there is no showing that service was also made on the attorney general, such that service was proper under Rule 4(j)(2)(B). It is therefore

ORDERED that on or before November 13, 2015, Plaintiff the United States of America shall show cause why the defaults against Defendants Capital One Bank and Colorado Department of Revenue should not be set aside for failure to properly served such parties.

DATED this 3rd day of November, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge