# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Raymond P. Moore

Civil Action No. 15-cv-00883-RM-MEH

UNITED STATES OF AMERICA,

      Plaintiff,

v.

PATRICIA FLEMING;
VAN EDEN CORPORATION;
LEE GLADDING;
CAPITAL ONE BANK;
COLORADO DEPARTMENT OF REVENUE; and
CLEAR CREEK COUNTY,

      Defendants.

---

## ORDER:
### (1) GRANTING DEFAULT JUDGMENT AGAINST DEFENDANT GLADDING; AND
### (2) DETERMINING PRIORITY OF INTERESTS AMONG THE PARTIES

---

This matter is before the Court on the United States' "Supplemental Motion for Default

Judgment against Defendant Lee Gladding" (the "Supplemental Motion") (ECF No. 108) and

United States' Request for Entry of Order of Sale (the "Request for Order") (ECF No. 109)

(collectively, "Second Motions"). The Second Motions were filed after the Court denied, without

prejudice, the United States' initial motions concerning the same subject matter (collectively, the

"First Motions") (ECF Nos. 104, 105).[1] No response or objection has been filed to the First or

---

[1] The Court denied the First Motions because there was an inconsistency as to the years in which the proposed distribution of any proceeds would apply.  (ECF Nos. 106, 107.)

Second Motions. Upon consideration of the Second Motions, the court file, and the applicable

rules and case law, and being otherwise fully advised, the Second Motions are GRANTED as

stated herein.

## I.    BACKGROUND

The factual and procedural background which gives rise to the Second Motions is set

forth in the Court's previous Order dated September 13, 2017 (the "First Order") (ECF No. 103),

so it will not be repeated here. In summary, as relevant here, in the First Order, the Court granted

the United States summary judgment as against Defendants Fleming and Van Eden Corporation

as to certain matters related to 2314 Van Eden Road, Idaho Springs, Colorado 80452[2] (the

"Subject Property")[3]; directed the United States to submit a proposed order of sale accounting for

all priorities and stipulations as to the remaining Defendants with any existing interest in the

Subject Property; and denied without prejudice the United States' request for default judgment as

against Defendant Gladding for failure to direct the Court as to any appropriate relief it seeks

through the entry of judgment. In response to the First Order, the United States filed the First

Motions and, when those were denied without prejudice, then filed the Second Motions, the

latter of which are at issue and ripe for determination.

## II.    ANALYSIS

### A.   *Default Judgment Against Defendant Gladding*

As stated, the Court denied the United States' request for a default judgment against

Defendant Gladding as it failed to advise the Court of the remedy sought. As alleged in the

---

[2] More particularly described as "The Soda Creek Placer Mining Claim, U.S. Survey No. 17253, County of Clear Creek, State of Colorado."
[3] There is also an adjacent property (ECF No. 87-1 at ¶2), but that is not at issue here.

Amended Complaint, and supported by the evidence, Defendant Gladding may claim an interest in the Subject Property based on a promissory note and deed of trust given by Defendant Fleming on the Subject Property. (ECF No. 87-2, ¶12; No. 87-3, Exhibit 11.) The record shows that Defendant Gladding had an opportunity to respond to the complaint and present evidence in support of his interest, but did not do so. (*E.g.,* ECF No. 87-2, ¶¶42, 43.) As such, in the Supplemental Motion, the United States requests the Court to enter default judgment against Defendant Gladding and to enter an order that any interest Defendant Gladding may have in the Subject Property is discharged. On this record, the Court finds sufficient evidence to support the relief requested. Accordingly, the Court finds that any interest Defendant Gladding has in the Subject Property is discharged and default judgment should enter accordingly.

### B. *Priority of Liens and Order of Sale*

*Priority of Liens.* In order to effectuate the Court's First Order concerning the United States' tax liens on the Subject Property, the United States seeks an Order of Sale for the Subject Property. Before the Court can do so, it must first address the interests of the other parties in this case and/or their relative priorities in light of the record at hand.

As to Defendant Van Eden Corporation, the Court has previously found that such defendant holds legal title to the Subject Property as the nominee of Defendant Patricia Fleming (First Order, page 22).

As to Defendant Gladding, as stated herein, any interest he has in the Subject Property is discharged.

As to Defendant Capital One Bank, pursuant to the United States and Capital One Bank's stipulation and this Court's subsequent Order of March 16, 2017, the Court has determined, as to

the Subject Property, that (1) Capital One Bank's interest has priority over the United States' federal tax liens; and (2) Clear Creek County's tax liens have priority over Capital One Bank's interest. (ECF Nos. 90, 93.) The Court left some other issues open. However, in light of these parties' stipulation, to which no one has challenged over the course of this case, the Court accepts the additional stipulations (expressed or implied) as made between the parties, *i.e.,* that Capital One Bank's lien is valid and remains in effect, and so finds.

As to Defendant Colorado Department of Revenue, it has filed a Disclaimer of Interest and the United States has voluntarily dismissed the Department, without prejudice, from this case. (ECF Nos. 57, 71.)

As to Defendant Clear Creek County, pursuant to the United States and Clear Creek County's stipulation and this Court's subsequent Order of November 25, 2015, the Court has determined that Clear Creek County's tax liens have priority over the United States' federal tax liens, but left some other issues open (ECF Nos. 36, 50). In light of these parties' stipulation, to which no one has challenged over the course of this case, the Court accepts the additional stipulations (expressed or implied) as made between the parties, *i.e.*, that Clear Creek County's tax liens are valid and remain in effect, and so finds.

In light of the foregoing, and the United States' proposed Order of Sale which sets forth a priority for distribution of proceeds from the sale of the Subject Property, to which no party objects and there is nothing in the record to show a contrary priority, the Court accepts and agrees with the proposed priority of disbursement.

***Proposed Order of Sale.*** The United States' proposed Order of Sale for the Subject Property has been submitted for consideration and, with minor modifications, is approved and shall be entered in order to effectuate the sale.

### III.    CONCLUSION

Based on the foregoing, it is **ORDERED**

(1) That the United States' "Supplemental Motion for Default Judgment against Defendant Lee Gladding" (ECF No. 108) is **GRANTED** as stated herein;

(2) That Defendant Lee Gladding's interest, if any, in the Subject Property, *i.e.*, 2314 Van Eden Road, Idaho Springs, Colorado, 80452, is discharged and default judgment shall enter against Defendant Gladding accordingly;

(3) That the United States' Request for Entry of Order of Sale (ECF No. 109) is **GRANTED** as stated herein; and

(4) That the Clerk shall enter in favor of the United States (1) **DEFAULT JUDGMENT** against Defendant Lee Gladding; and (2) **FINAL JUDGMENT** against all parties in accordance the prior Orders entered in this case and this Order.

DATED this 20th day of February, 2019.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge